IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CRYSTAL GARCIA, Individually and on Behalf of All Other Persons Similarly Situated,

      Plaintiff,

v.

MINI MART, INC, d/b/a LOAF 'N JUG, and EG (RETAIL) AMERICA, LLC,

      Defendants.

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

## INTRODUCTION

Plaintiff Crystal Garcia ("Garcia") individually and on behalf of all others similarly situated, files this Collective and Class Action Complaint (the "Complaint") against Defendants Mini Mart, Inc, d/b/a Loaf 'N Jug. ("Loaf 'N Jug") and EG (Retail) America, LLC, (combined as "Defendants"), seeking all available relief for Defendants' unlawful conduct under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, the Colorado Wage Claim Act, C.R.S.A. § 8-4-101, *et seq.*, ("CWCA") and the Colorado Minimum Wage Act, C.R.S.A. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order ("Minimum Wage Order"). The following allegations are based upon Plaintiff's personal knowledge and belief and are made upon information and belief as to the acts of others.

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of herself and on behalf of all other current and former Assistant Managers ( "AMs" or "Assistant Managers") and similarly situated current and former

employees holding comparable positions but different titles, who were or currently are employed by Defendants in the United States who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or Collective Action Members"), that they are entitled to, *inter alia*: (i) all unpaid wages for hours worked including all unpaid overtime wages for hours worked in excess of forty (40) in a workweek, as required by law; and (ii) all other available compensatory and liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2.      This action also seeks to recover unpaid wages and overtime compensation under the CWCA and Minimum Wage Order pursuant to Fed. R. Civ. P. 23 on behalf of all AMs for all unpaid wages for hours worked including all unpaid overtime wages for hours worked in excess of forty (40) in a workweek at any Loaf 'N Jug store in Colorado during the applicable limitations period. ("Colorado Class" or "Colorado Class Members").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims under the CWCA and Minimum Wage Order pursuant to 28 U.S.C. § 1367.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the actions, events, and/or omissions giving rise to the claims occurred in this District.  Plaintiff Garcia resides in this District.

5.      Defendants regularly conduct business in this District.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### I.    Plaintiff

7.    Plaintiff Garcia is an adult citizen of Colorado residing in Pueblo, Colorado.

8.    Garcia was employed by Loaf 'N Jug from in or around 2004 through January 2017 as an AM at the Loaf 'N Jug located on Pueblo Blvd., Pueblo Colorado.

### II.    Defendants

9.    Mini Mart, Inc. is a corporation, organized and existing under the laws of Wyoming, with its corporate headquarters located at 302 W. 3rd St Floor 3, Cincinnati, Ohio 45202.

10.    Mini Mart, Inc. does business under the name Loaf 'N Jug.

11.    Mini Mart, Inc. is a foreign corporation registered to do business in the State of Colorado and their registered agent is Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

12.    Loaf 'N Jug operated and continues to operate over 170 retail locations in Colorado, Wyoming, N. Dakota, S. Dakota, Montana, Nebraska and New Mexico.

13.    In 2018, Loaf 'N Jug was purchased from Kroger, Inc. by EG (Retail) America ("EG America"), LLC, as part of a deal valued at more than two billion dollars.

14.    EG America, operates approximately 1,000 gas and convenience stores across the United States including Loaf N' Jug.[1]

15.    EG America maintains corporate offices at 302 W 3rd St., Ste. 300, Cincinnati, Ohio.

16.    EG America is a limited liability company registered in the State of Delaware.

---

[1] https://csnews.com/eg-group-names-president-us-c-stores

17.     EG America is registered to do business in the State of Colorado as a foreign limited liability company.

18.     EG America, is a foreign corporation registered to do business in the State of Colorado and their registered agent is Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

19.     Loaf 'N Jug employs/employed Plaintiff and other similarly situated current and former AMs at its Loaf 'N Jug locations in Colorado, Wyoming, N. Dakota, S. Dakota, Montana, Nebraska and New Mexico.

20.     At all relevant times, Plaintiff and the Colorado Class Members were all considered "employees" and were "employed" by Loaf 'N Jug under the CWCA and Minimum Wage Order.

21.     At all relevant times, Loaf 'N Jug has been and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), the CWCA and the Minimum Wage Order.

22.     Defendants have been and are an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), the CWCA and the Minimum Wage Order.

23.     At all times relevant, Defendants, have been an enterprise within the meaning of 29 U.S.C. § 203(r).

24.     At all relevant times, Defendants were and are an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because Defendants had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.

25.     Defendants have a gross volume of sales made or business done of not less than $500,000.00.

26.     At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

27.     Defendants issued paychecks to Plaintiff, the Collective and the Colorado Class Members during their employment.

28.     Defendants, paid Plaintiff, the Collective and the Colorado Class Members on a per hour basis.

29.     Defendants directed the work of Plaintiff, the Collective and the Colorado Class Members.

30.     Defendants directly benefited from the work performed by the Plaintiff, the Collective and the Colorado Class Members.

31.     Plaintiff, the Collective, and the Colorado Class Members worked in excess of the hours that were listed on their paycheck.

32.     Plaintiff, the Collective, and the Colorado Class Members worked in excess of forty (40) hours per workweek.

33.     Plaintiff and similarly situated employees worked without receiving full compensation for hours worked and without receiving overtime compensation for hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

34.      Pursuant to Defendants' policy, practice, or a pattern of behavior, Plaintiff and the Colorado Class Members worked without receiving overtime compensation as required by the CWCA and Minimum Wage Order.

35.     Pursuant to Defendants' policy, practice, or a pattern of behavior, Defendants did not pay Plaintiff, the Collective, and the Colorado Class Members proper wages and/or overtime wages.

36.     Pursuant to Defendants' policy, practice, and/or a pattern of behavior, Defendants did not pay Plaintiff, the Collective, and the Colorado Class Members proper wages for all hours they worked for Defendants' benefit, nor for hours worked in excess of forty (40) hours in a workweek worked for Defendants' benefit.

## FACTUAL ALLEGATIONS

37.     Defendants employ and/or employed Plaintiff and the Collective Action members and the Colorado Class Members as AMs.

38.     Defendants maintained control, oversight, and discretion over the operation of their stores, including their employment practices with respect to Plaintiff, the Collective, and the Colorado Class Members.

39.     Plaintiff, the Collective, and the Colorado Class Members, performed work as AMs that was integrated into the normal course of Defendants' business.

40.     Consistent with Defendants' policy, pattern and/or practice, Plaintiff, the Collective, and the Colorado Class Members regularly worked regular and overtime hours including hours that were not reflected in their wage statements in violation of the FLSA and Colorado Wage Laws.

41.     Defendants have a policy and practice of having each of its stores in Colorado, Wyoming, N. Dakota, S. Dakota, Montana, Nebraska and New Mexico check the gasoline prices of competitive gas stations in the store's area (referred to herein as the "gasoline price survey") each day. The prices are then entered into the Loaf N' Jug computer system at the store by the

employee who obtained the prices. The prices are transmitted to the Defendants' corporate office(s), which then determine whether to adjust the gas prices each day at each store.

42.    Each Loaf N' Jug store obtains the price of competitors' gasoline by requiring non-exempt employees to go to competitors' gasoline stations and record gasoline prices prior to clocking-in for their scheduled shift.

43.    The gasoline stations surveyed by Defendants' employees are selected and assigned by Defendants.

44.    At Defendants' direction, Defendants' employees must record gas prices for each gas station they are assigned to survey prior to reporting or clocking in for work.

45.    Defendants direct their employees to perform this work before they clock-in at their store for their scheduled shift.

46.    Defendants require gasoline price surveys to be conducted daily first thing in the morning. Accordingly, a non-exempt employee performs this gasoline price survey in the morning before or after his or her assigned shift.

47.    Defendants could have and very well should have had their employees record the time they worked conducting gasoline price surveys after they clocked-in. By not following this procedure, Defendants did not compensate their employees for gasoline price survey work. The gasoline price survey, which is corporately mandated, is important for Defendants to be competitive and is used to determine the price it charges for gasoline at each store.

48.    Defendants do not reimburse their employees for gasoline expenses incurred in the use of their personal vehicles when they engage in gasoline price survey work on behalf of Loaf N' Jug.

49.     Plaintiff began employment for Defendants at the Pueblo Blvd., Pueblo, Colorado store on or about 2004, in the AM position.

50.     Plaintiff was instructed that she survey gas prices before her shift started in the store, requiring Plaintiff to drive in her own car to area gas stations and record their gas prices.

51.     The AM position is a non-exempt position within the meaning of the FLSA.

52.     All AMs are or should be compensated on an hourly basis for each hour they work for Defendants.

53.     AMs are not compensated on a salary basis; rather it is an hourly paid and non-exempt position within the meaning of the Minimum Wage Order.

54.     Plaintiff performed gasoline price survey work for Defendants every day or nearly every day and has not been compensated for this work.

55.     Plaintiff has never been reimbursed for gasoline expenses or mileage incurred when using her personal vehicle to conduct gasoline price surveys.

56.     In most weeks that Plaintiff worked at the Pueblo Boulevard store, she worked 40 or more hours while clocked-in.

57.     Accordingly, in those weeks, all work time spent by Plaintiff conducting gasoline price surveys during each workweek constitutes overtime work that Loaf N' Jug was required to compensate Plaintiff at one-and-one-half times Plaintiff's regular hourly rate.

58.     At all relevant times, Plaintiff's regular hourly wage rate was $16.20.

59.     Plaintiff regularly works five days a week and more than, 40 hours per week, at the Pueblo Boulevard store.

60.     The gasoline price survey work took Plaintiff 20 minutes a day on average to perform.  Plaintiff performed this work five days per week before Plaintiff clocked-in for her shift.

Accordingly, plaintiff, the FLSA Collective, and the Colorado Rule 23 Class are due additional pay of 100 minutes, or one hour and 40 minutes, per week, and to the extent that work constitutes work in excess of 40 hours in a workweek, that additional work must be compensated at one-and-one-half times the regular hourly rate.

61.     Loaf N' Jug failed to pay Plaintiff overtime pay for time worked conducting gasoline price surveys from the first weekly pay period she worked at the Pueblo store to the last date of her employment.

62.     In the identified pay periods above, Plaintiff customarily worked at least 40 hours without including the additional uncompensated weekly overtime hours of one hour and 40 minutes.

## FLSA COLLECTIVE ACTION ALLEGATIONS

63.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Loaf 'N Jug as AMs and individuals holding comparable salaried positions with different titles employed by Defendants within the United States at any time three years prior to the date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

64.     Loaf 'N Jug is liable under the FLSA for, *inter alia*, failing to pay proper wages and overtime wages to Plaintiff and other similarly situated employees.

65.     Upon information and belief, there are many similarly situated current and former AMs who have not been paid proper wages or overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

66.     The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

67.     Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff Garcia brings this action under the CWCA and Minimum Wage Order on behalf of all persons who were employed by Defendants at any time during the applicable limitations period in the State of Colorado, to the date of final disposition of this action (the "Colorado Class Period"), on behalf of all persons who were employed as Assistant Managers and/or other comparable positions with different titles, who were employees within the meaning of the CWCA and Minimum Wage Order and who have not been paid for all hours worked by them as well as legally required overtime wages in violation of the CWCA and Minimum Wage Order.

68.     The Rule 23 Class that Plaintiff Garcia ("Colorado Class" or "Colorado Class Members") seeks to identify includes:

Current and former employees of Defendants who, at any time within the applicable statute of limitations, are or have been employed by Defendants in the position of Assistant Manager and/or employees holding comparable positions but different titles in a Loaf 'N Jug store located in the State of Colorado, and who have not been paid for all hours worked by them as well as for overtime wages worked. (the "Colorado Class" or "Colorado Class Members").

69.     Under Fed. R. Civ. P. 23(b)(3), a Plaintiff must plead that:

a.     The class is so numerous that joinder is impracticable;
b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
c.     Claims or defenses of the representative are typical of the class;
d.     The representative will fairly and adequately protect the class; and,
e.     A class action is superior to other methods of adjudication.

<u>Numerosity</u>

70.    The persons identified as Class Members above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number can be made are presently within the sole control of Defendants, upon information and belief, there are at least 40 Class Members during the Class Period.

<u>Common Questions of Law and/or Fact</u>

71.    There are common questions of law and fact that govern the claims that are available to each Class Member, including, but not limited to the following:

a.    whether Defendants failed to pay its non-exempt employees all regular wages and/or overtime wages due at a rate of one-and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek for conducting daily gasoline price surveys in violation of the CWCA and Minimum Wage Order;

b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.    what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

d.    the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

e.    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive, statutory damages, interest, attorneys' fees, costs and disbursements; and

f.    whether Defendants acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all the Class Members.

<u>Typicality of Claims and/or Defenses</u>

72.    The claims of Plaintiff are typical of the claims of the Class Action Members and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the Defendants.

Adequacy

73.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

74.    Plaintiff has the same interests in this matter as all other Class Members, and Plaintiff's claims are typical of the Class and thus would properly and adequately represent the current and former employees whom Defendants subjected to the treatment alleged herein.

Superiority

75.     Plaintiff's claims are typical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially-similarly, to the Class Members.

76.    Any lawsuit brought by hourly non-exempt AMs of Defendants would be identical to a suit brought by any hourly AM for the same violations.  Thus, separate litigation would risk inconsistent results.

77.    Accordingly, this means of protecting the Class Members' rights is superior to any other method, and this action is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

78.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

79.    Plaintiff Garcia brings this action under the CWCA and Minimum Wage Order on behalf of all persons who were employed by Defendants during the Colorado Class Period (As defined above), who were employed by Defendants as AMs and/or other comparable positions

with different titles, who were non-exempt employees within the meaning of the CWCA and

Minimum Wage Order and who have not been paid for all hours worked by them as well as

overtime wages in violation of the CWCA and Minimum Wage Order.

80.     The class is so numerous that joinder of all individual members is impracticable.

81.     Defendants' conduct with respect to Plaintiff and the Colorado Class raises

questions of law and fact that are common to the entire class.  Such as whether Loaf 'N Jug

employed Plaintiff Garcia and all members of the Colorado Class within the meaning of the

CWCA and Minimum Wage Order; the nature and extent of the class-wide injury and the

appropriate measure of damages for the Class; whether Defendants have a policy of requiring the

AMs to conduct off the clock work such as getting gas prices before or after work, whether

Defendants failed to pay Plaintiff Garcia and all members of the Colorado Class, earned wages

and the legally required amount of overtime compensation for hours worked in excess of forty

(40) hours per workweek, in violation of the CWCA and Minimum Wage Order; and whether

Defendants are liable for all damages claimed by Plaintiff Garcia and all members of the

Colorado Class.

82.     Plaintiff Garcia's claims and Defendants' anticipated defenses are typical of the

claims or defenses applicable to the entire class.

83.     Plaintiff Garcia's interests in pursuing this lawsuit are aligned with the interests of

the entire Colorado Class.

84.     Plaintiff Garcia will fairly and adequately protect the Colorado Class Members'

interests because they and their experienced and well-resourced counsel are free of any conflicts

of interest and they are prepared to vigorously litigate this action on behalf of all class members.

85.     A class action provides the fairest and most efficient method for adjudicating the legal claims of all Colorado Class Members.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT:  UNPAID WAGES AND**
**UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiff and All Collective Action Members)**

86.     Plaintiff on behalf of herself and all Collective Class Members, hereby realleges and incorporates by reference paragraphs 1 through 85 as if set forth again herein.

87.     At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, including but not limited to 29 U.S.C. §§ 206(a) and 207(a).

88.     At all relevant times, Defendants employed Plaintiff, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA, including but not limited to 29 U.S.C. 203(e) and 207(a).

89.     Defendants have engaged in a widespread pattern and practice of violating the provisions and requirements of the FLSA, as described throughout this Complaint.

90.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

91.     At all times relevant, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

92.     At all relevant times, Defendants employed Plaintiff, and employed or continue to employ the Collective Action Members, within the meaning of the FLSA.

93.     The wage and the overtime wage provisions set forth in 29 U.S.C. §§ 201 and 206 *et seq.,* apply to Defendants.

94.     At all relevant times and continuing to the present, Defendants have had a policy and practice of refusing to pay all wages due and all overtime wages due as compensation to their AMs and similarly situated employees in comparable positions but holding different titles, for all hours worked, including hours worked in excess of forty (40) hours per workweek.

95.     As a result of Defendants' willful failure to properly compensate Plaintiff and Collective Action Members for all hours worked in a workweek at the usual hourly rate and failure to properly compensate Plaintiff and Collective Action Members for all hours worked in a workweek at their hourly rate or for hours worked in excess of forty in a work week, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, and 206 *et seq.,* including, 29 U.S.C. §§ 206 and 207(a).

96.     As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendants failed to make, keep, and/or preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

97.     Defendants' practice of having the AMs get gas prices for the gasoline price survey was done off the clock and the Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were working off the clock.

98.     Due to Defendants' (a) failure to provide enough labor budget funds, (b) failure to take into account the time it would take to conduce the gasoline price survey, (c) actual knowledge, through its Store Managers that AMs were working off the clock, (d) policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked,

(e) requirement that gasoline price surveys occur when employees were not clocked in and (f) Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

99.     Defendants' violations of the FLSA, as described in this Complaint, have been intentional and willful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

100.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

101.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, are entitled to (a) recover from Defendants their unpaid wages for all of the hours worked by them, including regular wages as well as overtime compensation due for hours that were worked over 40 in a week; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**COLORADO LABOR LAWS:  UNPAID WAGES**
**AND UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiff and the**
**<u>Colorado Class Action Members)</u>**

102.     Plaintiff on behalf of herself and the Colorado Class Members, hereby realleges and incorporate by reference paragraphs 1 through 101 as if set forth again herein.

103.     The Minimum Wage Order requires that employees receive pay for all hours worked as well as for overtime compensation at time and one-half the employee's regular rate of pay for all hours worked over forty (40) in a workweek.

104.     Defendants' failure to pay, Plaintiff Garcia and the members of the Colorado Class, wages and overtime compensation at a regular hourly rate or at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the Colorado Labor Laws, including without limitation: The CWCA and Minimum Wage Order, as well as the common law doctrines of breach of contract, unjust enrichment and quantum meruit.  Defendants engaged in this conduct willfully and with reckless disregard of their legal obligations.

105.     Due to Defendants' violations of the Colorado Labor Laws, Garcia on behalf of herself and the members of the Colorado Class, are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, all applicable statutory damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to the Labor Laws of Colorado.  Plaintiff hereby demands payment on her own behalf and on behalf of all members of the Colorado Class in an amount sufficient to provide compensation for all overtime hours worked.  This demand for payment is continuing and is made on behalf of any current Colorado Class members whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed addresses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the Collective Action Members and the Colorado Class are entitled to and pray for the following relief:

a.      Designation of this action as an FLSA Collective Action Class and prompt

issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members Collective

Action Members, apprising them of the pendency of this action, permitting them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      Equitable tolling of the FLSA statute of limitations as a result of the Defendants

failing to post requisite notices under the FLSA;

c.      A declaratory judgment that the Defendants' practices complained of are unlawful

under the FLSA and Colorado State Law;

d.      Certification of this action as a class action on behalf of the Colorado Class

Members pursuant to Fed. R. Civ. P. 23(b)(2) and (3) and prompt issuance of a notice to all

similarly-situated persons, apprising them of the pendency of this action, permitting them to opt-

out or to be bound by any judgment in the matter;

e.      Approval of Plaintiff Garcia as representative of the collective and the Colorado

Class for which certification is sought and her counsel as representative of the Collective and

Colorado Class Members;

f.      An award of unpaid wages for all hours worked at a regular rate of pay and for

overtime pay for all hours worked in excess of forty (40) hours in a workweek, at a rate of one

and one-half times the regular rate of pay under the FLSA, the CWCA and the Minimum Wage

Order, *see*, *e.g.*, 29 U.S.C. 216(b), Colo. Rev. Stat. Ann. § 8-4-101, *et seq*.

g.      An award of liquidated, punitive, treble damages, and/or civil penalties as a result

of Defendants' willful failure to pay Plaintiff and the Collective and Colorado Class for all hours

worked at a regular rate of pay, including for all hours worked in excess of forty (40) hours in a

workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. §§ 216(b), (e)(2) and Colorado State Laws;

       h.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

       i.      An injunction against Defendants to cease their unlawful practices;

       j.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

       k.      An award of prejudgment and post-judgment interest;

       l.      An award of costs and expenses of this action together with reasonable attorneys', expert fees and an award of a service payment to the Plaintiff; and

       m.      Such other and further relief as this Court deems just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, the Collective Action Members and all members of the Colorado Class demand a trial by jury on all questions of fact raised by the Complaint.

Dated: May 7, 2019

                         Respectfully submitted,

                         By:    *s/Brian D. Gonzales*
                         _____

                         Brian D. Gonzales
                         The Law Offices of Brian D. Gonzales
                         2580 East Harmony Road, Suite 201
                         Fort Collins, Colorado 80528
                         (970) 214-0562
                         Bgonzales@ColoradoWageLaw.com

Marc S. Hepworth
Charles Gershbaum
David A. Roth
Rebecca S. Predovan
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
mhepworth@hgrlawyers.com
cgershbaum@hgrlawyers.com
droth@hgrlawyers.com
rpredovan@hgrlawyers.com

**Attorneys for Plaintiff, Collective and the
Colorado Class**

# EXHIBIT "A"

## **CONSENT TO BECOME A PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Defendant LOAF 'N JUG, and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies (collectively "LOAF 'N JUG") to pay me overtime wages as required under federal law and also authorize the filing of this consent in a lawsuit challenging such conduct. I hereby designate Plaintiff's counsel to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against LOAF 'N JUG and/or other entities and/or persons potentially liable.

_Crystal A Garcia_

Signature

Crystal Garcia

Printed Name